# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS NELSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:12CV1299 JAR |
| JAMES WILCOX, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint under 28 U.S.C. § 1915(e). Under 28 U.S.C. § 1915(e), the Court is required to review the complaint and dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having reviewed the case, the Court finds that it is both frivolous and fails to state a claim upon which relief can be granted.

The Court reviewed the original complaint on August 20, 2012, and found that it failed to state a claim upon which relief can be granted. The Court ordered plaintiff to submit an amended complaint that cured the defects in the original complaint. On September 6, 2012, plaintiff filed a motion for summary judgment, and on September 10, 2012, he submitted his amended complaint.

In the amended complaint, plaintiff sues Officer James Wilcox in his official capacity, and he also names the Metropolitan St. Louis Police Department and the

Board of Police Commissioners as defendants. Plaintiff alleges, in a wholly conclusory manner, that Wilcox violated his Second Amendment rights when he seized plaintiff's guns during an arrest. Plaintiff further alleges that the Board of Police Commissioners failed to correct the errors of their employees.

The amended complaint is frivolous because it is wholly conclusory and fails to allege any facts that would, if proved, entitle plaintiff to relief.

Plaintiff's claim against the Metropolitan St. Louis Police Department is also legally frivolous because the Department is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

The complaint is also legally frivolous as to the St. Louis Board of Police Commissioners because it is not a suable entity. Jurisdiction can only be obtained by suing its individual members. Edwards v. Baer, 863 F.2d 606, 609 (8th Cir. 1988).

The complaint is silent as to whether defendant Wilcox is being sued in his official or individual capacity. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of

naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted against Wilcox.

There is no cause of action under 42 U.S.C. § 1983 for unconstitutional taking of personal property where the state provides an adequate postdeprivation remedy. E.g., Clark v. Kansas City Missouri School Dist., 375 F.3d 698, 703 (8th Cir. 2004). Missouri provides the postdeprivation remedy of replevin for recovery of personal property. Id.; Mo. R. Civ. P. 99.01-99.15. As a result, plaintiff's claim against the Department for failing to return his property fails to state a claim for this reason as well.

For these reasons, the Court will dismiss the action under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice under 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment [Doc. 6] is **DENIED** as moot.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 11th day of September, 2012.

                                                                         /s/ John A. Ross
                                                                         JOHN A. ROSS
                                                                         UNITED STATES DISTRICT JUDGE